UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | No. 15-10910 |
| AMANDA LEE JONES | |
|           Debtor(s). | |
| AMANDA LEE JONES | |
|           Plaintiff, | No. 15-01092 |
| v. | |
| USCB, INC., ET AL. | |
|           Defendant(s) | |

MEMORANDUM DECISION

    On March 1, 2016, the court held a hearing on the motion of Defendant USCB, Inc. (USCB) to dismiss for failure to state a claim upon which relief can be granted. Tamar Gabriel appeared for USCB. Edward Dechant appeared for Debtor. Upon due consideration, and for the reasons stated below, I determine that Debtor's action against USCB should be dismissed without leave to amend.

## FACTS AND PROCEDURAL HISTORY

On August 29, 2015, Debtor Amanda Lee Jones (Debtor) filed for Chapter 7 bankruptcy relief. Debtor listed Kaiser Permanente (Kaiser) as an unsecured creditor on Schedule F. On August 30, 2015, the clerk of the bankruptcy court sent notice of the bankruptcy to Kaiser and to Debtor's other scheduled creditors. Defendant USCB, a debt collection agent for Kaiser, was not scheduled as a creditor and did not receive notice of the bankruptcy case from the clerk. Debtor's counsel stated at the hearing that he did not take any other action to notify USCB of Debtor's bankruptcy prior to filing this action.

On October 10, 2015, USCB sent Debtor a bill regarding a pre-petition debt owed Kaiser. Debtor's counsel stated at the hearing that USCB has not sent any additional bills or engaged in any other collection activity.

On November 4, 2015, Debtor initiated this action, which alleges that USCB willfully violated the automatic stay, and which requests actual and punitive damages, injunctive relief, and attorneys fees. On December 22, 2015, USCB filed a motion to dismiss. On January 8, 2016, Debtor filed an amended complaint, which alleged that USCB had actual knowledge of the bankruptcy when it sent the October 10th bill to Debtor. On January 22, 2016, USCB filed the current motion to dismiss the amended complaint.

Debtor may recover damages for willful violation of the automatic stay only if the creditor had knowledge of the bankruptcy petition. *In re Roman*, 283 B.R. 1, 8 (9th Cir. BAP 2002). *See also, In re Bloom*, 875 F.2d 224, 227 (9th Cir.1989). At the time he filed this action, Debtor's counsel had no basis to presume that USCB had knowledge of Debtor's bankruptcy: (1) because USCB was not listed on Jones's Schedule F and therefore did not receive notice of the bankruptcy from the clerk of court; and (2) Debtor's counsel admitted at the hearing that he had not provided USCB notice of Debtor's bankruptcy before filing this action. Though the complaint alleges that USCB had actual knowledge of the bankruptcy when it sent the October 10th bill, the complaint contains no supporting detail demonstrating such knowledge, and Debtor's counsel was unable to provide any facts supporting an

inference of actual knowledge when asked to do so at the March 1, 2016 hearing.

LEGAL STANDARD AND DISCUSSION

Under 11 U.S.C. §362, the filing of a bankruptcy petition creates an automatic stay, which prohibits creditors from attempting to collect pre-petition debts. This stay is designed to give the debtor breathing room and relief from collection efforts as he or she goes through the bankruptcy process. Section 362(k) creates a statutory remedy for debtors who are injured by any willful violation of the automatic stay. "A violation of the automatic stay is 'willful' if 1) the creditor knew of the stay and 2) the creditor's actions, which violated the automatic stay, were intentional." *Roman,* 283 B.R. at 8.

Section 521(a)(1) of the Bankruptcy Code requires the debtor to file a list of creditors, so that the clerk of the court can ensure that creditors receive notice of the bankruptcy petition and the automatic stay. "It is the responsibility of the debtor to educate the creditor of the bankruptcy filing and its effect, and, if at all possible, avoid a crisis." *In re McLaughlin*, 96 B.R. 554, 560 (Bankr. E.D. Pa. 1989). Where, as in the present case, a creditor receives no formal notice, there is no presumption that the creditor has knowledge of the bankruptcy. Without knowledge of the bankruptcy, there is no willfulness, and without willfulness, a debtor is not entitled to damages under section 362(k).

Further, section 362(k) should be used by the debtor as a shield rather than a sword. When "determining reasonable damages under §362[k], the bankruptcy court must examine whether the debtor could have mitigated the damages." *Roman,* 283 B.R. at 12.

I hold that where a creditor who has not been scheduled, and who has not otherwise been notified of the bankruptcy, sends a bill regarding a pre-petition debt, the debtor has a duty to mitigate damages by informing the creditor of the bankruptcy via telephone call, email, or letter before filing a lawsuit. Before incurring substantial fees by filing an action under 362(k), the debtor must attempt to inform the unscheduled creditor of the bankruptcy petition and request that collection efforts cease in accordance with the automatic stay. The expense of providing such notice of the bankruptcy to the unscheduled creditor should be borne by the debtor as part of the debtor's duties under section 521,

3

rather than paid by the unscheduled creditor under 362(k). "[R]ewarding debtors too lavishly in §362[k] actions will encourage a cottage industry of precipitous §362[k] litigation." *McLaughlin*, 96 B.R. at 560.

In the present case, USCB did not receive notice of the bankruptcy from the clerk of court, because Debtor did not list USCB on Schedule F, and Debtor did not separately inform USCB that she had filed a bankruptcy petition before filing this lawsuit. USCB sent Debtor only one post-petition bill, and took no further collection action after it received notice of the bankruptcy. I hold that Debtor's failure to mitigate damages precludes her from obtaining relief under section 362(k). Accordingly, the action is dismissed without leave to amend.

Dated: March 10, 2016

Thomas E. Carlson
U. S. Bankruptcy Judge

4